McKubbin v. O'Brien

Doc. 2

```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT ROANOKE, VA
                                                             FILED
     IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF VIRGINIA            MAR 03 2006
               ROANOKE DIVISION
                                                    JOHN F. CORCORAN, CLERK
                                                    BY:
                                                         DEPUTY CLERK
```

JACKIE MCKUBBIN,                )
    Petitioner,             )    Civil Action No. 7:06-cv-00118
                                )
v.                              )    **MEMORANDUM OPINION**
                                )
TERRY O'BRIEN, WARDEN,          )    By: Hon. James C. Turk
    Respondent.             )    Senior United States District Judge

Petitioner Jackie McKubbin, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241, challenging the validity of his confinement by claiming that his underlying criminal sentence is illegal. After review of the record, the court concludes that the petition must be dismissed because petitioner is not entitled to relief under § 2241.

I.

Petitioner states that he was convicted in 1995 in the United States District Court for the Western District of North Carolina on charges that he participated in a drug trafficking conspiracy, in violation of 21 U.S.C. § 841(A)(1), § 846, and § 860. He is serving a life sentence imposed for these convictions. Petitioner now states that he is wrongfully confined because the court sentenced him based on facts found by a preponderance of the evidence to which he did not stipulate as part of his plea agreement, in violation of his due process rights. Based on this fact, petitioner also states that he is factually innocent of the crime for which he was sentenced.

II.

This court has jurisdiction to address petitioner's claims under § 2241(a) because petitioner is currently detained within this district, at the United States Penitentiary in Lee County, Virginia. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). A district court may not entertain claims under § 2241 petition challenging the validity of a conviction or sentence, however, unless a motion pursuant to § 2255 is "inadequate or ineffective" to do so." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the

1

Dockets.Justia.com

statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Likewise, the simple fact that petitioner was or would be unable for any reason to obtain relief under § 2255 does not establish that the remedy is "inadequate." In re Jones, 226 F.3d at 333-34. In the Jones decision, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate shows that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

The current petition does not indicate any respect in which petitioner's claims meet the standard under Jones so as to qualify for consideration under §2241. Petitioner does not point to any recent change of substantive law, and the court is unaware of any such precedent, that legalized the conduct for which petitioner stands convicted. Selling crack or conspiring to sell crack is still a criminal offense. As petitioner thus has not demonstrated under Jones that § 2255 is inadequate to test the legality of his detention, he is not entitled to relief under § 2241.[1] The court will, therefore, dismiss the petition without prejudice. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues

---

[1] Petitioner claims factual innocence of the sentence he received. This argument reflects petitioner's misunderstanding of the Jones test. Under Jones, petitioner must demonstrate that after a subsequent change in law, his offense conduct is no longer criminal conduct. Jones does not authorize a habeas court to revisit the question of whether or not petitioner committed the offense conduct. Even specific proof that petitioner did not commit the charged conduct could not entitle him to habeas relief under § 2241 or § 2255. Both of these statutes authorize habeas relief from detention that is in violation of the Constitution or laws of the United States, and actual innocence, in and of itself, does not prove such a violation. See Herrera v. Collins, 506 U.S. 390 (1993) (actual innocence not generally a ground for habeas relief).

2

a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 3rd day of March, 2006.

/s/ James C. Turk
Senior United States District Judge